UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTOWINE MITCHELL,

        Petitioner,

  v.

EARL LUCUS,

        Respondent.

Case No. 20-cv-1707-pp

---

**ORDER DENYING *HABEAS* PETITION (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITHOUT PREJUDICE**

---

      On November 12, 2020, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. His petition challenges his pretrial detention in Milwaukee County Case No. 2018CF3584, arguing (1) that the Milwaukee County Circuit Court violated his right to a speedy trial, (2) that the court improperly denied his motion for bond after it granted a mistrial, and (3) the state court had yet to rule on the petitioner's "Motion to Bar Retrial Double Jeopardy." Id. at 10-11. For relief, the petitioner asks this federal court "to reconsider dismissal from first trial" and to be released from custody. Id. at 12. On January 4, 2021, the petitioner filed a motion to proceed without prepaying the $5.00 filing fee. Dkt. No. 5. Two weeks later, the court received the fee. This order dismisses the §2241 petition, denies as moot the motion to proceed without prepaying the filing fee and dismisses the case without prejudice.

**I.     Rule 4 Screening**

   A.     Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Instead, the court considers whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner has exhausted his state court remedies.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x. 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401

U.S. 37, 43-45 (1971)). Exceptional circumstances exist where irreparable damage would occur, such as when the plaintiff claims the criminal case resulted from prosecutorial harassment or that the prosecution was brought in bad faith. Younger, 401 U.S. at 49. Generally, relief is available only after the petitioner has exhausted state-court remedies. Olsson v. Curran, 328 F. App'x. 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Younger, 401 U.S. at 49 (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

    B.    Analysis

In the section of the form petition asking the petitioner to describe the type of decision or action that he is challenging, the petitioner wrote:

> Speedy trial demand violation. No bond on 90th day. 92nd day trial started, 93rd day mistrial was granted dismissal denied. Discovery violation and changed statement violation. Bond was denied[.]

Dkt. No. 1 at 2. In the section asking him to identify the case or docket number of the case in which he is detained, the defendant wrote, "Milwaukee County Courthouse Branch 28," and identified the case number as "18CF3584." Id. at 4.

The court checked the publicly available state-court docket, which shows that the State filed a criminal complaint against the petitioner on July 31, 2018. State v. Mitchell, Milwaukee County Case No. 18CF3584 (available at https://wcca.wicourts.gov). The docket shows that the charges in that case went to trial before a jury on March 8, 2021, and that on March 10, 2021, the

3

jury found the petitioner guilty of two counts of armed robbery, one count of operating a vehicle without the owner's consent and two counts of false imprisonment. Id. It reflects that on May 21, 2021, the circuit court sentenced the petitioner to twenty-two years and nine months of initial confinement followed by fifteen years of extended supervision. Id. On Jun 2, 2021, the clerk of the Milwaukee County Circuit Court issued the judgment of conviction. Id.[1]

"Because a pre-trial detainee is not yet 'in custody pursuant to the judgment of a State court,' relief under 28 U.S.C. § 2254 is not available." Jackson, 796 F.3d. at 843 (citing Jacobs v. McCaughtry, 251 F.3d 596, 597-98 (7th Cir. 2001)). If the petitioner is convicted in state court while the federal *habeas* petition is pending, however, "the claims concerning his pre-trial confinement become moot." Id. (citing Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993)). A jury has found the petitioner guilty, and the Milwaukee County Circuit Court has sentenced him. Under Jackson, the petitioner's claims about his pretrial proceedings became moot once the state court entered the judgment of conviction; his continued detention now is the result of that

---

[1] Regarding the petitioner's allegations that the state court declared a mistrial, the public docket shows that the court selected a jury on July 24, 2019 and that trial began on that date, with the court instructing the jurors, the lawyers giving opening statements and five witnesses testifying. But on July 25, 2019, the court declared a mistrial "[b]ased on the statements put forth," denied a motion to dismiss and motion to adjust bond, and scheduled a final pretrial conference for August 28, 2019 and a trial for October 7, 2019. State v. Mitchell, Milwaukee County Case No. 18CF3584 (available at https://wcca.wicourts.gov). In late 2019 and early 2020, the case was adjourned because the defendant expressed an intention to file motions, including a motion regarding double jeopardy. Then the COVID-19 pandemic hit in March 2020. The court ruled on the pending motions in August 2020 and January 2021. The jury trial referenced above followed. Id.

4

state court judgment. That means that if he wants to challenge his confinement, he must do so under 28 U.S.C. §2254, not §2241. See Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (a petitioner must proceed under 28 U.S.C. §2254 "as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.") (emphasis in original); see also Simpson v. Pollard, No. 15-C-171, 2015 WL 5010537 (E.D. Wis. Aug. 20, 2015).

Even if the petitioner's claims were not moot at the time he filed this federal petition, at that time he had what the United States Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 ..., and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts ...."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). This federal court cannot interfere with ongoing state criminal proceedings. The petitioner has not described any extraordinary circumstances. He had the ability to address his concerns in state court—he could have filed motions to challenge the sufficiency of the evidence against him, asked for a new lawyer, asked for a

5

bond reduction or release. All those remedies were available to him in state court.

The court will not convert this petition from a §2241 petition to a §2254 petition. The state court docket and the petition itself demonstrate that the petitioner has not "exhausted" his claims in state court, as §2254 requires. Section 2254(b)(1) says that a federal court cannot grant *habeas* relief unless the petitioner "has exhausted the remedies available in the courts of the State." "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." Blanck v. Waukesha Cty., 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999); 28 U.S.C. §2254(b). In order to exhaust a state court remedy, a petitioner must raise his claims "through one full round of state court review . . . ." Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014) (citing Gray v. Hardy, 598 F.3d 324, 330 (7th Cir. 2010)). It is not enough to file a motion with the trial court. To exhaust his remedies, the petitioner must give the trial court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court the opportunity to rule on his claims.

When he filed the petition, the petitioner had not exhausted any available state remedies. He had not yet been convicted, so he had not been able to file an appeal to the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Even now, although the petitioner has been convicted and sentenced, he has not completed the state appeal process. The public docket for the state case shows that he filed his notice of intent to pursue post-conviction relief only a

little over two weeks ago. Neither the Wisconsin Court of Appeals nor the Wisconsin Supreme Court have had the opportunity to address his claims. This means that even if this federal court were to convert the petitioner's §2241 petition into a §2254 petition, it would be required to dismiss the §2254 petition for the petitioner's failure to exhaust state remedies. Rose v. Lundy, 455 U.S. 509, 522 (1982).

The bottom line is that the petitioner filed this federal *habeas* petition prematurely—too soon. If the petitioner's requests for post-conviction relief—to the circuit court, to the Wisconsin Court of Appeals and the Wisconsin Supreme Court—are unsuccessful, he then may file a new federal petition for *habeas corpus* under 28 U.S.C. §2254.

### III. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 5)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). On January 4, 2021, the petitioner filed a motion to proceed without prepaying that fee. Dkt. No. 5. Because the court received the fee two weeks later, however, the court will deny the motion as moot.

### IV. Certificate of Appealability

Under Rule 11(a) of the Rules governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

7

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner's §2241 petition should be dismissed as moot.

**V.    Conclusion**

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of June, 2021.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **Chief United States District Judge**